(18 P.3d 239)

No. 83,334

TERRY WINKLE, *Appellant*, v. HUTCHINSON COMMUNITY COLLEGE, *Appellee*.

Opinion filed June 30, 2000.

*Jim Lawing*, of Wichita, for appellant.

*Robert D. Overman* and *Jana D. Abbott*, of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, for appellee.

Before ELLIOTT, P.J., BEIER, J., and PADDOCK, S.J.

ELLIOTT, J.: Terry Winkle appeals the summary judgment in favor of Hutchinson Community College (HCC) on his claim for overtime pay under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (1994).

We affirm.

The essential facts are uncontroverted; summary adjudication was appropriate. See *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 (1999).

The trial court ruled Winkle's employment was exempt from the overtime provisions of the FLSA. The FLSA requires payment of overtime for employees who work more than 40 hours per week. 29 U.S.C. § 207(a) (1994). But employees in an executive, admin-

istrative, or professional capacity are exempt from the overtime requirements. 29 U.S.C. § 213(a)(1) (1994).

## Administrative exemption

Under 29 C.F.R. § 541.214(a) (1998), employees are exempt if their primary duty consists of the performance of nonmanual work directly related to management policies or the performance of functions in the administration of a school system or educational establishment in work related to academic instruction or training.

Winkle is the head athletic trainer at HCC; he developed and managed a sports medicine program. He also managed the administration of health care to student athletes at the college and trained and supervised a staff of student trainees. See 29 C.F.R. § 541.102(b) (1998). The administrative exemption applies and the trial court properly so held. See *Szymula v. Ash Grove Cement Co.*, 941 F. Supp. 1032, 1038 (D. Kan. 1996).

## Professional exemption

29 C.F.R. § 541.315(a) (1998) exempts employees if their primary duty is work requiring knowledge of an advanced type in a field of learning, or work as a teacher, including work requiring the consistent exercise of discretion.

Based on the uncontroverted facts here, Winkle is exempt both as a "learned professional" and as a "teacher professional." As a learned professional, his position as head athletic trainer required advanced knowledge. See *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991); *Paul v. Petroleum Equipment Tools Co.*, 708 F.2d 168, 173 (5th Cir. 1983); see also *Owsley v. San Antonio Independent School Dist.*, 187 F.3d 521, 526 (5th Cir. 1999) (court ruled assistant athletic trainers with similar credentials were exempt as learned professionals), *cert. denied* 529 U.S. 1020 (March 20, 2000). 187 F.3d at 526. The same reasoning applies to Winkle. Similarly, as a "teacher professional," he is a tenured, full-time faculty member, teaching 12 hours of sports medicine each academic year, and he also provides clinical instruction for student trainers. See *Lamb v. Rantoul*, 538 F. Supp. 34 (D. R.I. 1981). Further, Winkle's teaching duties are intertwined with and related

to his job as head athletic trainer; Winkle is required to exercise discretion and judgment.

The trial court properly granted summary judgment on this theory.

### Combination

Additionally, the trial court properly held a combination of exempt activities constitutes a primary duty and leads to an exemption as well. 29 C.F.R. § 541.600 (1998) permits the "tacking" of exempt work and the combining of exemptions to qualify for exemption from overtime.

The trial court properly held Winkle was exempted under administrative and professional exemptions or under a combination of both.